IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL JOSEPH NEVAREZ,

    Plaintiff,

vs.                                    No. CV 18-00313 RB/LF

ADAM RAMERO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Prisoner's Civil Rights Complaint filed by Plaintiff Gabriel Joseph Nevarez (Doc. 1). The Court will dismiss the Complaint for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Gabriel Joseph Nevarez is a prisoner incarcerated at the Metropolitan Detention Center. (Doc. 1 at 1.) Nevarez filed his Complaint on April 4, 2018. (*See id.*) He asserts jurisdiction under 42 U.S.C. § 1983. The sole named Defendant is Adam Ramero, who is alleged to be an employee of Smith's Grocery. (*Id.*) The allegations of the Complaint are generally incomprehensible and state as follows:

> "At Smiths Grocerys injured both bottom of feet one right crooked
> by during escort loss of tennis shoes in back of squadron car
> over 2 hour in handcuff period by escort meaning at start of March
> on Washington D.C. Daca move by my being white ethniced
> . . .
> Injured both bottom of feet escorting out of place of bussiness for
> either iether color of Day 5 March 2018 White Ethniced by how
> if DACA march at on Washington D.C. to rights rights March
> for the attend to Washington D.C.
> . . .

1

> Emotitional Distress equal to $5,000 dollars loss of
> Supporting Facts: Video proof Smiths Groceries 111 Coors
> Blvd NW Albuquerque NM 87121 Either Iether subpening
> camera video record of on March 5 2018 6-9 p.m at date
> on incident counter attend due to racial discrimination now."

(*Id.* at 2–3.)

## **FAILURE TO STATE A CLAIM FOR RELIEF**

Plaintiff Nevarez is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. at 319, 327 (1989); *see also Hall*, 935 F.2d at 1109. The

authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Id.*

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan Cty.,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall,* 935 F.2d at 1110.

## **ANALYSIS OF PLAINTIFF'S CLAIMS**

Plaintiff Nevarez is proceeding under 42 U.S.C. § 1983. Section 1983 states:

> "Every person who, under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia, *s*ubjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not

3

official conduct connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Generalized allegations do not state any claim for relief. *Id.*

For purposes of § 1983, liability attaches only to conduct occurring "under color of law." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). The requirement of action under color of state law is a jurisdictional requisite for a § 1983 action. *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995). In general, acting under color of state law requires that the defendant have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *West*, 487 U.S. at 49. To conclude that an action is taken under color of state law, the court must find that the conduct is fairly attributable to the state. *Gallagher*, 49 F.3d at 1447.

Although Nevarez names Adam Ramero as Defendant, he does not allege any conduct on the part of Ramero, much less any conduct that was in violation of Nevarez's constitutional rights. *Iqbal*, 556 U.S. at 676. Further, even if Nevarez had alleged any conduct on Ramero's part, Ramero is alleged to be an employee of a private business, Smith's Grocery. (Doc. 1 at 1.) Nothing in the Complaint states, or even implies, that Ramero is a state official acting under

color of state law. *Gallagher*, 49 F.3d at 1447. The allegations against Ramero are baseless and the Complaint fails to state any § 1983 claim for relief against Ramero under either the Rule 12(b)(6) or the § 1915(e)(2)(B) standard. *Twombly*, 550 U.S. at 570; *Neitzke v. Williams*, 490 U.S. at 327.

## DENIAL OF LEAVE TO AMEND

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

The Court finds that leave to amend would be futile in this case. Because the sole defendant is not a state actor, any amended complaint would still be subject to dismissal for failure to state a claim under § 1983. The Court will dismiss the Complaint without leave to amend. *Bradley*, 379 F.3d at 901.

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed by Plaintiff Gabriel Joseph Nevarez is **DISMISSED** with prejudice for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE